COLUMBIANA.<br>December 1816<br>Ohio<br>v.<br>Wallahan and<br>two others.

Plaintiff's counsel consented to a verdict for the defendant.

WRIGHT and REDICK, for defendant.

## OHIO vs. WALLAHAN AND TWO OTHERS.

A constable's bond is valid, if executed after ten days from his election.

The true time of executing a bond, may be proven by parole.

In criminal cases, the defendant cannot be compelled to produce any evidence against himself.

Notice in such cases to produce papers, is not necessary.

The prosecutor may give parole evidence of a writing proven to be in the defendant's possession.

If a defendant will withhold a paper from the prosecutor, and compel him to give parole evidence of its contents, he shall not afterwards be permitted to make use of it in his defence.

A privy verdict may be given in criminal cases which do not concern life.

It does not avoid a verdict, that some of the jury leave the rest after they are agreed.

In an indictment for resisting a constable, it is sufficient to prove that the justice who issued the warrant was an acting justice of the peace, without producing his commission.

INDICTMENT, for resisting a constable in executing a warrant.

PLEA—Not guilty.

POTTER, for the state, offered to read an entry of the election of Samuel Dickey, as a constable, from a book which he said was the township record.

GOODENOW and REDICK, for the defendants, objected to its being read, as there was no evidence of its being the township record.

The objection was sustained by the court.

The township clerk was then called and sworn. He <span>COLUMBAINA.</span> stated that he was clerk of the township, and made the entries in the book produced, which was the township record.

The record of Dickey's election on the 2d April was then read, also of his being sworn into office on the 8th of April.

A bond, executed by Dickey, with sureties, dated 19th April, was then offered to be read in evidence.

It was objected to, because it appears that it was not executed within ten days after the election, as is by law required.

POTTER, then offered to prove, that the bond was executed and delivered on the ninth day of April, and that it was dated on the 19th by mistake.

PRESIDENT.—I am not prepared to say that a bond, executed after the ten days, is void in law. The object of this law is security for the faithful discharge of the constable's duties; he must give bond, before he can enter upon those duties. The direction of the statute is, that this shall be done within ten days; if it is not done in that time, the trustees may consider the office vacant, and make an appointment; but if the trustees do not treat the office as vacant, by making an appointment, and the person elected gives bond afterwards, I know no reason why such bond should not be holden to be valid and obligatory against him and his securities.

But this bond is stated to have been delivered on the 9th of April. If such was the fact it could not have been executed on the 19th, ten days afterwards. A bond takes effect from the delivery of it; "and though dated on a particular day, a deed may be stated, in pleading, to have been made on another day." 4 East, 477, 1st Chitty, 348. If the fact may be pleaded, it may be proven; we will, therefore, hear the evidence.

The township clerk was then called again. He stated that the bond was lodged in his office the next day after Dickey was sworn into office.

*By the Court*—Let the bond be read.

POTTER then offered to prove, that the warrant was in the possession of one of the defendants, to let in parole proof of its contents.

GOODENOW and REDICK objected to the evidence being received, because no notice had been given to produce the warrant. They

COLUMBIANA. contended, that no evidence of the contents of a paper in
December 1816 the possession of the defendant, could be given, unless he
Ohio, had been regularly notified to produce it, and had refused.
*v.*
Wallahan and
two others. PRESIDENT.—The 92d section of the "act to organize
the judicial courts and regulate their practice," which authorises the
court on motion, and on ten days notice, to require the parties
to produce books and writings in their possession, does not extend to
criminal prosecutions. It is said, in some of the books, that the rule
as to notice, is the same in criminal as in civil cases; but I think not.
The production of books and papers may be compelled in civil cases,
or judgment will be given against the party refusing. Not so in crim-
inal cases. In criminal prosecutions, or penal causes, the defendant is
never forced to produce *any evidence*, though he should hold it in his
hand in the court. 4th Burr, 2484. ·The counsel for the state is
holden to give the best evidence which, by the aid of legal process, can
be procured. A writing, in the hands of one of the defendants, is as
much out of his power as though it was destroyed; he cannot have
the aid of this court in getting possession of it; it would answer no
purpose to give notice to produce it, and there can be no surprise upon
him in this case; therefore as a paper destroyed by accident, if you
prove it in the defendant's possession, you may prove its contents by
parole.

It was then proven, that after the warrant was returned to the
magistrate, Wallahan procured it from him, took it away, and had not
returned it.

Dickey, the constable, testified, that a warrant exactly in the form
prescribed by law, directed to him as constable of the township, and
signed by —— Springer, Esq. an acting magistrate, was put into his
hands to serve; it directed him to take the body of the defendant,
John Wallahan: he then stated the manner of his executing the war-
rant, and the resistance made by the defendants. Several other
witnesses were examined. When the evidence on both sides was
through, REDICK called Dickey, shewed him a paper, and asked him if
it was not the warrant. Dickey said that it was.

REDICK, in his argument to the jury, began to read the warrant, to
prove that it varied materially from Dickey's proof of it.

POTTER objected to the warrant being read, as it had not been pro-
duced and read in evidence.

COLUMBIANA.
December 1816

Ohio
v.
Wallahan and
two others.

PRESIDENT.—The paper now attempted to be made use of, was in the defendant's possession in court; he could not be compelled to produce it; he sat by and held this paper, until the state had given parole evidence of its contents; he had a right to do this; but he did it at the peril of letting that parole evidence stand in the place of the writing. Papers must be shewn to the court, and proven, before they can be read in evidence; but if this had been shewn to the court at the time it was proven, it could not have been admitted. The warrant is a public paper: the defendant is wrongfully in possession of it: he shall not compel the state to give parole evidence of it, and then be permitted to produce it for any purpose whatever.

The jury were directed to deliver their verdict to either of the judges, as soon as they should agree, as the court was about adjourning until the next day.

The PRESIDENT was attending a meeting in the court house when the jury left the room; he observed them passing down the stairs and went to them; he asked them if they had agreed in their verdict; they informed him they had agreed, and had also agreed to deliver it in court the next morning. He then desired them to return to their room; he went with them, and found that but eight of the jurors were present; four had got out of the door before they were spoken to. The constable was sent for the four, and the President waited until he returned with them. They were then asked if they had agreed on their verdict before they left the room: they all stated that they had so agreed, and that they had not understood the direction given them by the court. The President then received their verdict.

The jury returned a general verdict of Guilty.

The next morning, GOODENOW argued that the verdict could not lawfully be recorded, because, in all criminal cases, if the jury separate before delivering in their verdict, it cannot be received. He said the rule was the same in all criminal cases, whether capital or not.

PRESIDENT.—No privy verdict can be given in criminal cases which concern life, because the jury are commanded to look upon the prisoner when they give their verdict, and so the prisoner is to be there present at the same time. But in criminal cases, where the defendant is not required to be present in person at the time of the verdict (and

COLUMBIANA.
December 1816

Ohio

Wallahan and
v.
two others.

this is such a case) a privy verdict may be given. Ray. 193. If the jury had separated before they had agreed on their verdict, I should not have received it; but being satisfied at the time, that the jury had agreed before they left their room, and that they mistook the direction given to them, and had no consultation together after they left the room until they gave in their verdict, I did not hesitate to receive it; for it does not avoid a verdict, that some of the jury leave the rest for a time, after they are agreed. Barnes, 441. The court should always be satisfied that the verdict delivered, is the verdict agreed upon by the whole jury, and that before they have separated. We are satisfied this verdict is such, and therefore let it be recorded.

MOTION for a new trial:

1st. Because the court instructed the jury, that it was not necessary, on the part of the prosecution, to prove that the person who issued the warrant, was a justice of the peace.

2nd. Because the verdict was contrary to evidence.

PRESIDENT.—The jury were directed, that evidence having been given to prove that Mr. Springer, who issued the warrant, was an acting justice of the peace, such evidence, if believed by them, was sufficient, without producing his commission, or proving his qualification into office.

To satisfy the court they have given an erroneous opinion, gentlemen of the bar would do well not to rely solely on their own ingenuity, but rather to follow the guidance of established principles and approved adjudications. If such had been consulted, it would have been seen that the direction was correct. 2d Str. 1005. 3d Ter. R. 632. 4th Ter. R. 366. Leach Cr. Ca. 2d Ed. 412.

As to the 2d reason assigned—it may be sufficient to observe, that we are satisfied with the decision of the jury upon the evidence. The motion is overruled.